

**Fredrikson & Byron, P.A.**
Attorneys and Advisors

60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
Main: 612.492.7000
fredlaw.com

June 11, 2026

**VIA ECF AND EMAIL**

The Honorable Douglas L. Micko
United States Magistrate Judge
316 N. Robert Street
St. Paul, MN 55101
micko_chambers@mnd.uscourts.gov

Re:    Ashley Barton, individually, and o/b/o KJB, a minor, v. Mayo Clinic, et al.
       Case No. 25-cv-33 (LMP-DLM)

Dear Magistrate Judge Micko,

We are counsel for Defendants and submit this letter pursuant to the Court's request prior to today's status conference.

We understand that Plaintiffs' counsel has raised questions regarding the collection of the cell phone of Dr. Syed Mohammed Karim.  As the Court is aware, the parties jointly engaged a forensic neutral to collect the phones of Dr. Karim and five other witnesses to ensure collection of text messages related to KJB's care.  Dr. Karim's collection was scheduled to occur on the evening of June 6, 2026—the day after he returned from a long-standing family vacation.  The collection was scheduled to occur remotely, meaning that Dr. Karim, the vendor, and his counsel would log into a virtual meeting so that Dr. Karim could use the equipment previously mailed by the vendor to perform the collection.

On Friday June 5, Dr. Karim informed us that his cell phone had been damaged while on vacation, and he was working to get a new phone.  On June 6, 2026, the vendor, Dr. Karim, and Ms. Sreekanth from my office logged on to the virtual collection call.  During that call, Dr. Karim reported that his phone had been accidentally damaged in a pool while he was on vacation, that it overheated, and was not able to be used.  Dr. Karim explained that upon arriving back in the U.S., he went to an Apple store, performed an iCloud backup of his phone from a backup taken on May 31, 2026 and was ready for the collection.  He also reported that, based on his understanding, the phone had been recycled.  The vendor attempted the collection of the new phone, but the collection failed because the vendor's collection tools were not updated to the newest iPhone operating system.

On Wednesday, June 10, the vendor provided a status update to all counsel regarding the ongoing cell phone collections, including a report regarding Dr. Karim's phone. Counsel for the parties and the vendor participated in a joint call later that same day on the afternoon of June 10. During that



June 11, 2026
Page 2

call, we advised Plaintiffs' counsel that we were working with Dr. Karim to confirm what happened and the status of his phone. Plaintiffs' counsel requested that we provide that information by Friday, June 12, which we agreed to do.

This morning, in response to further questioning from Plaintiffs' counsel, the vendor confirmed that Dr. Karim reported during the call on June 6 that the phone was damaged in water (stating it was unclear to the vendor if it was a pool or ocean), was no longer in his possession, and was "physically too hot to hold" – all consistent with our understanding of the June 6 call.

Based on further conversations with Dr. Karim and without waiver of the attorney-client privilege, we understand that he accidentally left his phone in the pocket of his swim trunks when he went into the swimming pool. The phone worked for some time after the water exposure but subsequently died and overheated on the flight home. Dr. Karim went to the Apple Store after returning to obtain a new phone. He believed at the time of the June 6 vendor call that his wife had recycled it. We understand that Dr. Karim has since learned that his wife held onto the phone. He understands it is currently at his parent's house. We anticipate being able to confirm that the old phone is in his possession tonight after he finishes scheduled patient care.

While we respect the fact that all counsel want this cell phone collection process to be performed properly and in a timely matter, the accusations by Plaintiffs' counsel of some kind of intentional wrongdoing are misplaced and factually baseless. The damage to Dr. Karim's cellphone was accidental and he has worked very diligently to comply with the collection process and to report information to the best of his ability based on his understanding at the time.

Dr. Karim's iPhone backup from May 31, 2026 remains available to be collected by the vendor once the new operating system issue is resolved and there is no indication that any data is missing. Further, once Dr. Karim confirms possession of his old cellphone, we are happy to work with the vendor and Plaintiffs' counsel to perform any additional testing or examination pursuant to the terms of the agreed-upon protocol.

Respectfully submitted,

*s/ Gregory E. Karpenko*

Gregory E. Karpenko
**Direct Dial:** 612.492.7064
**Email:** gkarpenko@fredlaw.com