

June 11, 2026

Hon. Douglas L. Micko                                              Via Email
micko_chambers@mnd.uscourts.gov

**Re: Barton v. Mayo Clinic et al., Case No. 25-cv-33 (LMP/DLM)**

Your Honor,

I write in advance of the emergency conference the Court has graciously agreed to hold regarding discovery preservation issues. As the Court knows, the parties have agreed to use a neutral forensic expert to search the cellular devices of several of Defendants' doctors. This agreement arose after Defendants produced text messages—after depositions—which contain, not only Plaintiff's protected health information—but statements that unmistakably contradict sworn testimony on critical issues. Defendants are aware of the seriousness of the messages because they have agreed to allow Plaintiff to not only conduct this forensic examination but re-depose several of these witnesses at Defendants' expense.

The collection of Defendants' cell phone data has dragged on following the parties' agreement and is still incomplete. The collection and inspection of Dr. Karim's cell phone data was finally scheduled to occur on Saturday, June 6, 2026. Plaintiff learned for the first time **yesterday** (June 10, 2026)—indirectly through the vendor's report and not via defense counsel—that Dr. Karim's phone was "**lost** on 06/03/2026." [Emphasis added.] I inquired about this new information and defense counsel, Ms. Sreekanth responded, in part, "[w]e learned that Dr. Karim's phone was **damaged** on Friday last week." [Emphasis added.] We immediately requested a conference with defense counsel and the vendor representative (Jim Vaughn) and Vaughn informed us that Dr. Karim told the forensic collector, Ryan Trinh, that he had "lost" the device in the "ocean." Defense counsel could not tell us whether the phone was lost or damaged.

I followed up with Mr. Trinh this morning. Mr. Trinh wrote as follows: "I was on a joint call with Dr. Karim and Anu to perform the collection of his original device. During that call, Dr. Karim informed us that the device had sustained water damage. It was unclear whether the damage occurred in the ocean or a pool, as I can recall both being mentioned. When I advised that a third-party vendor might be needed to attempt repair, Dr. Karim stated that he **no longer had the device**, explaining that it was 'physically too hot to hold.'" [Emphasis added.] Ms. Sreekanth did not disclose this joint call or the information conveyed by Mr. Trinh when responding to Plaintiff's inquiry regarding the device yesterday.

We have received no firm answer on how the phone was damaged, destroyed, disposed of, etc. Given the timing of these events, the delayed report to Plaintiff's counsel, the conflicting accounts, and the significance of the device to the forensic examination, Plaintiff respectfully requests that the Court hold a hearing to preserve testimony and establish a factual record. The Court and parties will then be in a better position to determine whether further proceedings and relief are necessary.

Respectfully submitted,
/s/ Jeffrey S. Storms